# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GLEASON RESEARCH ASSOCIATES, INC.** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **CIVIL ACTION NO.** |
| **JORGE SCIENTIFIC CORPORATION,** | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW Gleason Research Associates, Inc. ("GRA"), by and through undersigned counsel, and for its Complaint against defendant, Jorge Scientific Corporation ("JSC"), states as follows:

## Parties

1. Plaintiff, GRA is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Madison County in the State of Alabama.

2. Defendant, JSC, is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Maryland.

## Jurisdiction and Venue

3. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there exists complete diversity of citizenship among the parties and because the amount in controversy exceeds $75,000.00.

4. This Court has jurisdiction over JSC, *inter alia*, because JSC has more than sufficient "minimum contacts" with this forum state. JSC has had numerous contacts with Alabama during the negotiation and performance of the subcontract agreement between JSC and GRA (the "Subcontract"), which is the document establishing the duties and obligations that GRA seeks to enforce in this Complaint. JSC's contacts with Alabama include, but are not limited to, soliciting work from GRA in Alabama; sending payment, correspondence, and emails to GRA in Alabama; and traveling to Alabama to discuss the Subcontract with GRA. Specifically, JSC's president, Mr. Chris Torti, traveled to Madison County, Alabama, to meet with GRA in 2009 and 2010. Mr. Torti's business trips to Alabama to meet with GRA included meetings to discuss performance of the Subcontract, to negotiate payments due under the Subcontract, and to discuss resolution of the matters addressed in this Complaint. Under these circumstances, through these and other requisite minimum contacts with the State of Alabama, JSC may fairly and reasonably expect to be haled into this Court.

5. Venue is proper in this district and division for the reasons set forth in paragraph 4 above, and because a substantial part of the acts and omissions giving rise to this action occurred in Madison County, Alabama. Moreover, many of the books, records, documents, and witnesses necessary for this matter are located in Madison County, Alabama.

## Factual Background

6. GRA provides services to the United States Government and those who themselves provide services to the United States Government.

7. JSC provides services to the United States Government.

8. JSC entered into a contract with the United States Government to provide certain services. GRA in turn entered into the Subcontract to provide a portion of the services which JSC had agreed to supply to the Government.

9. GRA provided the services requested by JSC pursuant to the Subcontract. JSC has not paid GRA for all services performed pursuant to the Subcontract.

10. GRA further incurred additional costs when JSC effectively suspended GRA's work. Pursuant to the Subcontract, JSC must compensate GRA for these additional costs.

11. GRA additionally incurred additional costs and lost additional profit due to JSC's misrepresentations related to performance of the Subcontract work.

## Count I – Breach of Contract

12. GRA hereby adopts and incorporates by reference the preceding paragraphs as if set forth fully herein.

13. GRA and JSC entered into a Subcontract whereby JSC was obligated to pay GRA for work performed under the Subcontract, and for costs associated with JSC's interferences, suspensions, and misrepresentations.

14. GRA has performed its obligations under the Subcontract.

15. JSC breached its duties under the Subcontract by failing to make timely payments to GRA.

16. As a result of JSC's breaches, GRA has been damaged in excess of $75,000.00.

**WHEREFORE**, GRA demands the following relief:

A. Judgment against JSC on Count I in an amount to be determined at trial, but in excess of $75,000.00, plus interest, costs, and fees, together with all further relief which the Court deems appropriate;

B.      For such other relief to which GRA may be entitled at law or in equity.

## JURY DEMAND

GRA hereby demands a trial by jury on all issues so triable.

Dated this 15th day of December 2010.

                              s/ Joel E. Brown
                              Joel E. Brown (BRO169)
                              jbrown@babc.com
                              John David Owen (OWE029)
                              jowen@babc.com
                              Attorneys for Plaintiff
                              Gleason Research Associates, Inc.

<u>OF COUNSEL</u>

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2119
Telephone:  (205) 521-8000
Facsimile:  (205) 521-8800

Frank M. Caprio (CAP005)
fcaprio@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL  35801-4900
Telephone:  (256) 517-5100
Facsimile:  (256) 517-5200